UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD BOLTE,<br><br>        Plaintiff,<br><br>        v.<br><br>STATE OF WISCONSIN SUPREME COURT, CHIEF JUSTICE SHIRLEY S. ABRAHAMSON; CHIEF JUSTICE SHIRLEY S. ABRAHAMSON, personally; JUSTICE JON P. WILCOX, personally; JUSTICE ANN WALSH BRADLEY, personally; JUSTICE N. PATRICK CROOKS, personally; JUSTICE DAVID PROSSER, JR., personally; JUSTICE PATIENCE D. ROGGENSACK, personally; JUSTICE LOUIS B. BUTLER, personally; STATE OF COLORADO EL PASO COUNTY DISTRICT COURT, JUDGE THERESA M. CISNEROS; JUDGE THERESA M. CISNEROS, personally; EL PASO COUNTY, a municipal corporation; CAROL KOSCOVE,<br><br>        Defendants. | CASE NO. C08-821RSM<br><br>ORDER ON WISCONSIN DEFENDANTS' MOTION TO DISMISS |

    Plaintiff Richard Bolte, a Washington resident, filed this complaint for damages pursuant to 42 U.S.C. §§ 1983, 1985 and 1988, asserting that defendants have denied him his rights and privileges under the Fourteenth Amendment to the United States Constitution. This matter is before the Court for consideration of a motion to dismiss filed by defendants State of Wisconsin Supreme Court and the seven

ORDER ON MOTION TO DISMISS - 1

justices of that court named as individual defendants in this action (together, "the Wisconsin defendants"). Dkt. # 12. Plaintiff has opposed the motion. The Court has fully considered the parties' memoranda and attached exhibits, and relevant case law. For the reasons set forth below, the motion shall be granted.

BACKGROUND AND PROCEDURAL HISTORY

This case arises from disciplinary proceedings instituted against plaintiff, a member of the bar of the State of Wisconsin since 1961. He was on inactive status and residing in Colorado at the time of the events described below. Complaint, Dkt. # 1, Attachment A, p. 2. This is not the first time plaintiff has sued these and other defendants over the disciplinary proceedings or the events that led to those disciplinary proceedings. The factual background and subsequent legal proceedings were well-summarized by the Seventh Circuit Court of Appeals in a decision dated April 18, 2007, which the Court quotes here for the benefit of those not familiar with the case.

> In 1994, Mr. Bolte entered into a contract in Colorado with Carol Koscove. In this contract Mr. Bolte agreed to review the royalties due Koscove under a mineral lease between her and an oil company. At the time Mr. Bolte contracted with Koscove, he was an inactive member of the Wisconsin Bar. Mr. Bolte began performing under the contact, and he later obtained permission from the United States District Court for the District of Colorado to appear *pro hac vice* in a federal lawsuit Koscove brought against the oil company. The parties eventually settled, but Koscove refused to pay Mr. Bolte the entire amount he billed under their contract. In 1996, Koscove sued Mr. Bolte in a Colorado court for recision of their contract, arguing that he engaged in the unauthorized practice of law in Colorado and thus the contract was unenforceable. In 2001, the Colorado Court of Appeals issued a final decision rescinding the contract and ordering Mr. Bolte to return the money he had been paid.
>
> Mr. Bolte then brought suit in the Western District of Wisconsin against Koscove, her lawyers, the Colorado judge who presided over the recision action and the county in which the judge sat. *See Bolte v. Koscove*, No. 05-2774, 2005 WL 3113460 at *1 (7th Cir. Nov. 22, 2005). Mr. Bolte claimed that the Colorado judgment rescinding his contract with Koscove deprived him of property without due process, interfered with his contractual rights, and denied him his right to practice law. *Id*. The district dismissed for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine, see *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 476, 482-83 (1982); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923). We affirmed that judgment. *See Bolte*, 2005 WL 3113460 at *1-2. We also sanctioned Mr. Bolte under Federal Rule of Appellate Procedure 38 for filing a frivolous appeal. *Id*., at *2.
>
> Meanwhile, Koscove submitted a grievance against Mr. Bolte in Wisconsin. In 2003, the Office of Lawyer Regulation in Wisconsin initiated disciplinary proceedings against Mr. Bolte for the unauthorized practice of law in Colorado. In 2005, the Supreme Court of Wisconsin issued a final disciplinary decision finding that Mr. Bolte had engaged in the unauthorized practice of law that was not incident to his *pro hac vice* admission to the District of Colorado, and that he had transferred property to avoid collection on the judgment Koscove obtained in Colorado. *See*

ORDER ON MOTION TO DISMISS - 2

> *In re Disciplinary Proceedings against Bolte*, 699 N.W.2d 914 (Wis. 2005).
> The Supreme Court of Wisconsin publicly reprimanded Mr. Bolte and required him to pay the costs of his disciplinary proceeding.
>
> Mr. Bolte then filed this suit in the Eastern District of Wisconsin. He claims under 42 U.S.C. § 1983 that the Supreme Court of Wisconsin and its justices lacked jurisdiction over the disciplinary proceeding and thus violated his federal constitutional rights by issuing the reprimand. He alleges, too, that Koscove was a "collaborator and joint actor" with the justices. Additionally, Mr. Bolte names Koscove and the justices in supplemental, state tort claims based on their roles in his disciplinary proceeding. Mr. Bolte seeks to void both the reprimand issued in Wisconsin and the Colorado judgment. He also seeks damages.

Dkt. # 15, Exhibit 3, *Bolte v. Supreme Court of Wisconsin, et al.,* 230 Fed.Appx. 586 (7th Cir.(Wis.) 2007); *cert. denied*, 127 S. Ct. 3020 (2007); *rehearing denied*, 128 S.Ct. 23 (2007). The Seventh Circuit Court of Appeals upheld the trial court's dismissal of plaintiff's suit. *Id*.

From the above recitation of facts, it appears that this is the third suit filed by plaintiff in federal court, in what one of those courts has characterized as "a relentless effort to recover his dignity and money lost in a judgment against him in a Colorado state court." *Bolte v. Koscove*, 2005 WL 1290253 at *1 (W.D.Wis. 2005). In the first suit, filed in the Western District of Wisconsin, he named as defendants Carol Koscove and various judges and attorneys involved in the Colorado state court proceedings. *Id*. In the second suit, filed in the Eastern District of Wisconsin, he named as defendants Carol Koscove and the justices of the Supreme Court of Wisconsin. *Bolte v. Supreme Court of Wisconsin, et al.,* 230 Fed.Appx. 586 (7th Cir. 2007). Plaintiff carried his appeals in both the Wisconsin cases to the United States Supreme Court, which in each instance denied his petition for certiorari. *Bolte v. Koscove*, 546 U.S. 1195 (2006); *Bolte v. Supreme Court of Wisconsin*, 127 S. Ct. 3020 (2007).

In the suit filed in this district, plaintiff names as defendants the Colorado judge and the county in which the court was located, the Wisconsin Supreme Court and all the justices of that court, and Carol Koscove. Complaint, Dkt. # 1. The complaint alleges absolutely no basis for the jurisdiction of this Court over this matter or venue in this district, nor does any appear on the face of the complaint. No defendant resides in this district, nor did any of the events giving rise to plaintiff's claims occur here. *See*, 28 U.S.C. § 1391(b).

In the motion now before the Court, the Wisconsin Supreme Court and the individual justices move for dismissal for lack of subject matter jurisdiction and personal jurisdiction. *See*, F.R.Civ.Proc.

ORDER ON MOTION TO DISMISS - 3

12(b)(1), 12(b)(2). They assert several alternative grounds for dismissal, namely the *Rooker-Feldman* doctrine, Eleventh Amendment immunity, judicial immunity, lack of personal jurisdiction, and claim preclusion. As the question of personal jurisdiction is dispositive of these defendants' motion, the Court need not reach the other bases asserted. The Court notes, however, that the two Wisconsin district courts each found the *Rooker-Feldman* doctrine applicable to bar consideration of plaintiff's claims. These rulings were upheld on appeal and the United States Supreme Court declined to review them. Plaintiff's filing in this district appears to be an improper attempt to circumvent these rulings, and cannot be condoned by this Court.

DISCUSSION

The Wisconsin defendants, as non-residents of this forum, assert that the Court lacks jurisdiction over them because neither the Wisconsin Supreme Court nor any of the seven justices has the required minimum contacts with the State of Washington to justify jurisdiction under Washington's long-arm statute. Plaintiff opposes this argument, contending that the long-arm statute analysis is applicable only in diversity cases, not cases brought under federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff's Opposition, Dkt. # 20, p. 11. According to plaintiff, "Bolte's filed claims are direct actions under federal law and this federal court can acquire personal jurisdiction over any party within the nation wherever residing or located." *Id*. Plaintiff is incorrect.

In federal question cases, a court has personal jurisdiction over non-resident defendants only if they are amenable to service of process and the exercise of jurisdiction comports with due process. *Omni Capital International v. Rudolf Wolff & Co.*, 484 U.S. 97,111 (1987). Thus, "[w]hen subject matter jurisdiction is premised on a federal question, a court may exercise specific jurisdiction over a defendant [only] if a rule or statute authorizes it to do so and the exercise of such jurisdiction comports with the constitutional requirements of due process." *Myers v. Bennett Law Offices,* 238 F. 3d 1068, 1072 (9th Cir. 2001).

It is plaintiff's burden to establish this court's personal jurisdiction over the non-resident defendants. *Cubbage v. Merchant,* 744 F. 2d 665, 667 (9th Cir. 1984); *cert. denied*, 470 U.S. 1005 (2005). Plaintiff has pointed to no provision in 42 U.S.C. § 1983, § 1985, or § 1988 which authorizes

ORDER ON MOTION TO DISMISS - 4

nationwide service of process, nor has he set forth any other statute which would provide for jurisdiction over the non-resident defendants in this matter. As for an authorizing rule, Federal Rule of Civil Procedure 4(k)(1) provides that "[s]ervice of a summons . . . is effective to establish jurisdiction over the person of a defendant: (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located. . ." F.R.Civ.Proc. 4(k)(1)(A). Thus, in order to determine whether this Court may exercise jurisdiction over the non-resident Wisconsin defendants, it must look to the applicable rules of the forum state, in other words, Washington's long-arm statute.

Jurisdictional inquiries under state law and federal due process merge into one analysis when the state's long-arm statute is "co-extensive with federal due process requirements." *Roth v. Garcia Marquez*, 942 F. 2d 617, 620 (9th Cir. 1991). By statute, Washington permits the assertion of general jurisdiction over a foreign defendant "doing business" within the state. RCW 4.28.080(10). The Washington courts have ruled that the "doing business" requirement "subsumes the due process requirement." *Hartley v. American Contract Bridge League*, 61 Wash. App. 600, 605 (1991); *citing Hein v. Taco Bell*, 60 Wash. App. 325, 330 (1991). Therefore, personal jurisdiction over the Wisconsin defendants may be analyzed under federal due process requirements.

The Due Process Clause of the Constitution requires that a defendant have "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). The contacts must be such that the Supreme Court of Wisconsin and its individual justices "should reasonably anticipate being haled into court" in this state. *Sher v. Johnson*, 911 F. 2d 1357, 1361 (9th Cir. 1990); *quoting World Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The minimum contacts requirement performs two functions: it "protects the defendant against the burden of litigating in a distant or inconvenient forum. And it acts to ensure that the States[,] through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system." *Id*. at 292.

In applying these requirements, the courts have created two jurisdictional concepts: general and specific jurisdiction. *Reebok International, Ltd., v. McLaughlin*, 49 F. 3d 1387, 1391 (9th Cir. 1995). A

ORDER ON MOTION TO DISMISS - 5

court may exercise general jurisdiction over a defendant when that defendant's contacts with the forum are continuous, systematic, and substantial. *Id.* Specific jurisdiction may be found when the cause of action arises out of a defendant's contact with or activities in the forum state. *Roth*, 942 F. 2d at 620.

Courts in the Ninth Circuit use a three-part test to determine if personal jurisdiction may be asserted over a non-resident defendant: (1) the defendant must perform some act, or consummate some transaction, or otherwise purposefully avail itself of the privilege of conducting activities in the forum state: (2) the plaintiffs' claim must arise out of or result from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Medinah Mining, Inc., v. Amunategui,* s237 F. Supp.2d 1132, 1134 (D.Nev. 2002); *citing Bancroft & Masters, Inc. v. Augusta National Inc.*, 223 F. 3d 1082 (9th Cir. 2000). Plaintiff has failed to meet his burden of establishing any of these elements. These defendants have neither performed any act, consummated any transaction, nor purposefully availed themselves of the privilege of conducting business here in the State of Washington. They did not conduct any forum-related activities which gave rise to plaintiff's claims.[1] This Court's exercise of jurisdiction over the Wisconsin defendants on the sole basis of plaintiff's current presence here would be wholly unreasonable.

Accordingly, the Wisconsin defendants' motion to dismiss for lack of personal jurisdiction is GRANTED, and these defendants are hereby DISMISSED from this action.

Dated this 25 day of August, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff contends that defendants' actions interfered with his civil rights, which are "property rights" and present in this district because he resides here. Plaintiff's Opposition, Dkt. # 20, p. 11. That argument is legally flawed, but even if it were sound, the current location of plaintiff's "property" is irrelevant under the analysis set forth above.

ORDER ON MOTION TO DISMISS - 6