UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD BOLTE,

    Plaintiff,

v.

STATE OF WISCONSIN SUPREME COURT, CHIEF JUSTICE SHIRLEY S. ABRAHAMSON; CHIEF JUSTICE SHIRLEY S. ABRAHAMSON, personally; JUSTICE JON P. WILCOX, personally; JUSTICE ANN WALSH BRADLEY, personally; JUSTICE N. PATRICK CROOKS, personally; JUSTICE DAVID PROSSER, JR., personally; JUSTICE PATIENCE D. ROGGENSACK, personally; JUSTICE LOUIS B. BUTLER, personally; STATE OF COLORADO EL PASO COUNTY DISTRICT COURT, JUDGE THERESA M. CISNEROS; JUDGE THERESA M. CISNEROS, personally; EL PASO COUNTY, a municipal corporation; CAROL KOSCOVE,

    Defendants.

CASE NO. C08-821RSM

ORDER ON DEFENDANT EL PASO COUNTY'S MOTION TO DISMISS

    This matter is before the Court for consideration of a motion to dismiss filed by defendant El Paso County. Dkt. # 22. Plaintiff has opposed the motion. The Court has fully considered the parties' memoranda, and the balance of the record. For the reasons set forth below, the motion shall be granted.

ORDER ON MOTION TO DISMISS - 1

## BACKGROUND AND PROCEDURAL HISTORY

This case arises from disciplinary proceedings instituted against plaintiff, a member of the bar of the State of Wisconsin since 1961. Those disciplinary proceedings in turn arose from a judgment of the El Paso District Court in Colorado, *Koscove v. Bolte*, Case No. 96-CV-2233. The facts surrounding these and subsequent proceedings have been fully recited in this Court's previous Orders of dismissal as to other defendants, and are fully incorporated here without repetition. *See*, Dkt. # 39, pp. 2-3.

As noted previously, it appears that this is the third suit plaintiff has filed in federal court, in what one court has characterized as "a relentless effort to recover his dignity and money lost in a judgment against him in a Colorado state court." *Bolte v. Koscove*, 2005 WL 1290253 at *1 (W.D.Wis. 2005). In the first suit, filed in the Western District of Wisconsin, he named as defendants Carol Koscove and various judges and attorneys involved in the Colorado state court proceedings. *Id*. In the second suit, filed in the Eastern District of Wisconsin, he named as defendants Carol Koscove and the justices of the Supreme Court of Wisconsin. *Bolte v. Supreme Court of Wisconsin, et al.,* 230 Fed.Appx. 586 (7th Cir. 2007). Plaintiff carried his appeals in both the Wisconsin cases to the United States Supreme Court, which in each instance denied his petition for certiorari. *Bolte v. Koscove*, 546 U.S. 1195 (2006); *Bolte v. Supreme Court of Wisconsin*, 127 S. Ct. 3020 (2007).

In the suit filed in this district, plaintiff names as defendants Judge Cisneros, who presided over the Colorado state court proceedings; El Paso County, the Colorado county in which the court was located; the Wisconsin Supreme Court and all the justices of that court; and Carol Koscove. Complaint, Dkt. # 1. The complaint alleges absolutely no basis for the jurisdiction of this Court over this matter or for venue in this district, nor does any appear on the face of the complaint. No defendant resides in this district, nor did any of the events giving rise to plaintiff's claims occur here. *See*, 28 U.S.C. § 1391(b). The Wisconsin justices, the Supreme Court of the State of Wisconsin, Carol Koskove, and Judge Cisneros have all been dismissed from the action by prior orders of this Court.

Defendant El Paso County now moves for dismissal for lack of subject matter jurisdiction and personal jurisdiction, improper venue, and failure to state a claim. *See*, F.R.Civ.Proc. 12(b)(1), (2), (3), (6). Defendant's arguments on subject matter jurisdiction and failure to state a claim are based on

ORDER ON MOTION TO DISMISS - 2

assertions regarding the legal status of El Paso County and the relationship between the county and Judge Cisneros, which have not been supported by affidavits or other exhibits. The arguments regarding failure to state a claim require consideration of matters outside the pleadings which are not proper for a Rule 12(b)(6) motion to dismiss. The Court therefore cannot address these arguments, and turns to the questions of personal jurisdiction and venue.

DISCUSSION

As noted previously by this Court, the complaint alleges absolutely no basis for the jurisdiction of this Court over this matter or for venue in this district, nor does any appear on the face of the complaint. No defendant resides in this district, nor did any of the events giving rise to plaintiff's claims occur here. *See*, 28 U.S.C. § 1391(b). Defendant El Paso County, a non-resident of this forum, asserts that the Court lacks personal jurisdiction because it has none of the required minimum contacts with the State of Washington to justify jurisdiction under Washington's long-arm statute. In opposing this assertion, plaintiff refers back to his prior memoranda in which he has contended that the long-arm statute analysis is applicable only in diversity cases, not cases brought under federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff's Opposition, Dkt. # 24, p. 5. The Court has previously rejected plaintiff's contention, and now repeats its prior analysis on personal jurisdiction over the non-resident defendants in this case.

In federal question cases, a court has personal jurisdiction over non-resident defendants only if they are amenable to service of process and the exercise of jurisdiction comports with due process. *Omni Capital International v. Rudolf Wolff & Co.*, 484 U.S. 97,111 (1987). Thus, "[w]hen subject matter jurisdiction is premised on a federal question, a court may exercise specific jurisdiction over a defendant [only] if a rule or statute authorizes it to do so and the exercise of such jurisdiction comports with the constitutional requirements of due process." *Myers v. Bennett Law Offices,* 238 F. 3d 1068, 1072 (9th Cir. 2001).

It is plaintiff's burden to establish this Court's personal jurisdiction over the non-resident defendants. *Cubbage v. Merchent,* 744 F. 2d 665, 667 (9th Cir. 1984); *cert. denied*, 470 U.S. 1005 (2005). Plaintiff has pointed to no provision in 42 U.S.C. § 1983, § 1985, or § 1988 which authorizes

ORDER ON MOTION TO DISMISS - 3

nationwide service of process, nor has he set forth any other statute which would provide for jurisdiction over the non-resident defendants in this matter. As for an authorizing rule, Federal Rule of Civil Procedure 4(k)(1) provides that "[s]ervice of a summons . . . is effective to establish jurisdiction over the person of a defendant: (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located. . ." F.R.Civ.Proc. 4(k)(1)(A). Thus, in order for this Court to determine whether it may exercise jurisdiction over the non-resident defendants, it must look to the applicable rules of the forum state, in other words, Washington's long-arm statute.

Jurisdictional inquiries under state law and federal due process merge into one analysis when the state's long-arm statute is "co-extensive with federal due process requirements." *Roth v. Garcia Marquez*, 942 F. 2d 617, 620 (9th Cir. 1991). By statute, Washington permits the assertion of general jurisdiction over a foreign defendant "doing business" within the state. RCW 4.28.080(10). The Washington courts have ruled that the "doing business" requirement "subsumes the due process requirement." *Hartley v. American Contract Bridge League*, 61 Wash. App. 600, 605 (1991); *citing Hein v. Taco Bell*, 60 Wash. App. 325, 330 (1991).

The Due Process Clause of the Constitution requires that a defendant have "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). The contacts must be such that the defendant "should reasonably anticipate being haled into court" in this state. *Sher v. Johnson*, 911 F. 2d 1357, 1361 (9th Cir. 1990); *quoting World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The minimum contacts requirement performs two functions: it "protects the defendant against the burden of litigating in a distant or inconvenient forum. And it acts to ensure that the States[,] through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system." *Id*. at 292.

Plaintiff has not demonstrated any continuous, systematic, and substantial contacts by defendant El Paso County with the forum state to justify the exercise of general jurisdiction. *Reebok International, Ltd., v. McLaughlin*, 49 F. 3d 1387, 1391 (9th Cir. 1995). The Court therefore turns to the question of specific jurisdiction. Specific jurisdiction may be found when the cause of action arises out of a

ORDER ON MOTION TO DISMISS - 4

defendant's contact with or activities in the forum state. *Roth*, 942 F. 2d at 620.

Courts in the Ninth Circuit use a three-part test to determine if specific jurisdiction may be asserted over a non-resident defendant: (1) the defendant must perform some act, or consummate some transaction, or otherwise purposefully avail itself of the privilege of conducting activities in the forum state: (2) the plaintiff's claim must arise out of or result from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Medinah Mining, Inc., v. Amunategui,* 237 F. Supp.2d 1132, 1134 (D.Nev. 2002); *citing Bancroft & Masters, Inc. v. Augusta National Inc.*, 223 F. 3d 1082 (9th Cir. 2000). Plaintiff has failed to meet his burden of establishing any of these elements. It goes without saying that defendant El Paso County has never been in Washington State; has neither performed any act, consummated any transaction, nor purposefully availed itself of the privilege of conducting business in the State of Washington. The county has not conducted any forum-related activities which gave rise to plaintiff's claims. This Court's exercise of jurisdiction over defendant El Paso County on the sole basis of plaintiff's current presence here would be wholly unreasonable, and the Court finds no basis for doing so.

Defendant El Paso County has also moved to dismiss for improper venue. Pursuant to statute, this § 1983 action may only be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the complaint occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district where any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). No defendant resides in Washington State, so neither section (1) nor (3) can provide for venue in this district. Nor did any part of the events or omissions giving rise to the complaint occur in this state; a review of the factual background set forth in the Court's Order dismissing the Wisconsin defendants (Dkt. # 39) demonstrates that the underlying events occurred in Colorado and Wisconsin.

It is plaintiff's position that venue is proper under section § 1391(b)(2), because "property that is the subject of this action" is present in Washington State. Plaintiff has asserted in opposing the other motions to dismiss that since he now resides in this district, his civil rights are "property" which is the

ORDER ON MOTION TO DISMISS - 5

subject of this action and which is present in this district. *See*, Brief in Opposition, Dkt. # 20, p. 11; Dkt. # 21, p. 2. The only civil rights actually identified by plaintiff in his complaint are vague and conclusory references to due process and equal protection rights. Complaint, ¶¶ 22, 24. Presumably these refer to due process and equal protection during the Colorado and Wisconsin state court proceedings which form the basis of plaintiff's grievance. The Court declines to adopt plaintiff's assertion that his due process and equal protection rights in those proceedings are "property" that he carried with him to Washington State when he moved here. The Court accordingly declines to find that a "substantial part of the property that is the subject of the action" is situated in this district, so as to provide for venue here. 28 U.S.C. § 1391(b)(2).

A district court in which a case is filed laying venue in the wrong district shall dismiss it or, if it is in the interest of justice, transfer the case to a district in which it might have been brought. 28 U.S.C. § 1406(a) For the reasons set forth in the Court's previous Orders discussing subject matter jurisdiction, application of the *Rooker-Feldman* doctrine, and the fact that the issues here have been fully adjudicated by other courts of competent jurisdiction (see, Dkt. # 39, pp. 2-3), the Court finds that it is in the interest of justice to dismiss, rather than transfer this case.

Accordingly, defendant El Paso County's motion to dismiss for lack of personal jurisdiction and for improper venue is GRANTED, and it is hereby DISMISSED from this action. The Court declines to award costs and fees as requested by defendant.

With the dismissal of this defendant, no further defendants remain. This case is hereby DISMISSED. The Clerk shall close the file.

Dated this _20_ day of October, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION TO DISMISS - 6